```
                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF OHIO
                          WESTERN DIVISION
```

ESTATE OF LOUISE SCHAEFER      :
WILSHIRE,                      :
                               :    NO. 1:07-CV-00377
        Plaintiff,             :
                               :    **OPINION AND ORDER**
        vs.                    :
                               :
UNITED STATES OF AMERICA,      :
                               :
        Defendant.             :

This matter is before the Court on Plaintiff's Motion for Summary Judgment (doc. 18), the government's Response in Opposition (doc. 21), and Plaintiff's Response (doc. 24), as well as the government's Motion to Dismiss (doc. 19), Plaintiff's Response (doc. 20), and the government's Reply (doc. 25).  For the reasons indicated herein, the Court GRANTS Plaintiff's Motion, DENIES that of the government, and DISMISSES this case from the docket.

**I. Background**

Plaintiff Estate of Louise Schaeffer Wilshire ("the Estate") seeks a refund of overpaid federal estate taxes amounting to $429,542.00 plus interest.  Plaintiff argues that it properly brought an informal claim for a refund which it later perfected with a formal claim, and thus it is entitled to judgment as a matter of law (doc. 24).  Plaintiff further argues in its initial motion that because Defendant improperly purged its file after it was given notice of the Estate's refund claim, a negative inference

is warranted in Plaintiff's favor concerning its informal claim (Id.). Defendant argues it should prevail on its motion to dismiss Plaintiff's Complaint, claiming Plaintiff is barred from such a refund by the statute of limitations (doc. 19). In Defendant's view, Plaintiff's formal claim in no way formalized a prior informal claim, but rather represented a new position based on a new interpretation of the Will (Id.). The facts giving rise to this dispute are as follows.

Louise Schaefer Wilshire ("Wilshire") died on September 27, 2000, and Philip Blomer ("Blomer") was appointed Executor of her Estate (doc. 18). Wilshire's Will, which Blomer submitted to the IRS, provided in Item III that charitable bequests not be charged with the payment of taxes, with the intent that the Estate's charitable deduction increase and thus reduce the taxes paid (Id.). Blomer included a note with the original tax return stating "Charitable calcuation is interrelated with calculation of tax due. This will necessitate an amended return once accountant has finished it" (Id.). On November 8, 2001, Blomer's accountants filed an Amended Return, which he understood complied with Item III of the Will (Id.). However, the Amended Return did not comply with Item III (Id.).

Over the course of the next two years, Blomer testified that he had many oral and written communications with the IRS regarding the proper estate tax calculation and the requested

refund of any overpayments (Id.). On May 21, 2003, Blomer sent the IRS a letter stating the charities should not bear taxes and requested the IRS "give us the right refund or charge us the right tax" (Id.).

Blomer discovered in 2004 that the tax returns improperly had the charitable requests bear taxes, and on December 9, 2004 filed a Form 843 Claim for Refund and Request for Abatement (Id.). On March 15, 2005, the IRS indicated by letter to the Estate that it accepted "the merits and substance of your refund claim," and refunded $56,802.00 (Id.). However, the IRS refused to refund the balance of $429,542.00, contending the Estate made its request for a refund after the expiration of the two-year statute of limitations in 26 U.S.C. § 6511 (Id.).

Plaintiff Estate filed its Motion for Summary Judgment on August 18, 2008, contending it is entitled to judgment as a matter of law on its claim for a refund of overpaid taxes (doc. 18). The government filed its Motion to Dismiss, arguing Plaintiff failed to file its claim within the applicable statute of limitations (doc. 19). This matter is now ripe for the Court's review.

**II. The Summary Judgment Standard**

Although a grant of summary judgment is not a substitute for trial, it is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to

-3-

any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56; see also, e.g., Poller v. Columbia Broadcasting System, Inc., 368 U.S. 464 (1962); LaPointe v. United Autoworkers Local 600, 8 F.3d 376, 378 (6th Cir. 1993); Osborn v. Ashland County Bd. of Alcohol, Drug Addiction and Mental Health Servs., 979 F.2d 1131, 1133 (6th Cir. 1992) (per curiam). In reviewing the instant motion, "this Court must determine whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Fatton v. Bearden, 8 F.3d. 343, 346 (6th Cir. 1993), quoting in part Anderson v. Liberty Lobby, Inc., 477 U.S. 242 251-252 (1986) (internal quotation marks omitted).

The process of moving for and evaluating a motion for summary judgment and the respective burdens it imposes upon the movant and non-movant are well settled. First, "a party seeking summary judgment ... bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact [.]" Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); see also LaPointe, 8 F.3d at 378; Garino v. Brookfield Township Trustees, 980 F.2d 399, 405 (6th Cir. 1982); Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479 (6th Cir. 1989). The movant may do so by merely identifying that the

non-moving party lacks evidence to support an essential element of its case. See Barnhart v. Pickrel, Shaeffer & Ebeling Co. L.P.A., 12 F.3d 1382, 1389 (6th Cir. 1993).

Faced with such a motion, the non-movant, after completion of sufficient discovery, must submit evidence in support of any material element of a claim or defense at issue in the motion on which it would bear the burden of proof at trial, even if the moving party has not submitted evidence to negate the existence of that material fact. See Celotex, 477 U.S. at 317; Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). As the "requirement [of the Rule] is that there be no genuine issue of material fact," an "alleged factual dispute between the parties" as to some ancillary matter "will not defeat an otherwise properly supported motion for summary judgment." Anderson, 477 U.S. at 247-248 (emphasis added); see generally Booker v. Brown & Williamson Tobacco Co., Inc., 879 F.2d 1304, 1310 (6th Cir. 1989). Furthermore, "[t]he mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." Anderson, 477 U.S. at 252; see also Gregory v. Hunt, 24 F.3d 781, 784 (6th Cir. 1994). Accordingly, the non-movant must present "significant probative evidence" demonstrating that "there is [more than] some metaphysical doubt as to the material facts" to survive summary judgment and proceed to trial on the merits. Moore v. Philip

Morris Cos., Inc., 8 F.3d 335, 339-340 (6th Cir. 1993); see also Celotex, 477 U.S. at 324; Guarino, 980 F.2d at 405.

Although the non-movant need not cite specific page numbers of the record in support of its claims or defenses, "the designated portions of the record must be presented with enough specificity that the district court can readily identify the facts upon which the non-moving party relies." Guarino, 980 F.2d at 405, quoting Inter-Royal Corp. v. Sponseller, 889 F.2d 108, 111 (6th Cir. 1989) (internal quotation marks omitted). In contrast, mere conclusory allegations are patently insufficient to defeat a motion for summary judgment. See McDonald v. Union Camp Corp., 898 F.2d 1155, 1162 (6th Cir. 1990). The Court must view all submitted evidence, facts, and reasonable inferences in a light most favorable to the non-moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970); United States v. Diebold, Inc., 369 U.S. 654 (1962). Furthermore, the district court may not weigh evidence or assess the credibility of witnesses in deciding the motion. See Adams v. Metiva, 31 F.3d 375, 378 (6th Cir. 1994).

Ultimately, the movant bears the burden of demonstrating that no material facts are in dispute. See Matsushita, 475 U.S. at 587. The fact that the non-moving party fails to respond to the motion does not lessen the burden on either the moving party or the Court to demonstrate that summary judgment is appropriate. See

Guarino, 980 F.2d at 410; Carver v. Bunch, 946 F.2d 451, 454-455 (6th Cir. 1991).

**III. Discussion**

The Estate contends there is no dispute as to the material fact that Blomer made an informal claim within the statute of limitations through his repeated oral and written communications to the IRS, as well as through the submission of the Will with the Original tax return, which made it clear in Item III that charitable bequests should not be charged taxes (doc. 18). The Estate further contends that while its appeal of the partial disallowance was pending, the IRS purged its file relating to the Estate's claim, such that the Estate should benefit with an inference that the file contained evidence of oral and written communications constituting an informal claim (Id.).

Defendant responds that Plaintiff's December 9, 2004 refund claim did not constitute a formalization of an earlier informal claim, but represented the first time Plaintiff requested a refund based on an interpretation of the will that was contrary to the tax treatment reflected in the original and amended returns filed in 2001 (doc. 21). In Defendant's view, the executor of the Estate made a mistake, and only filed the claim for a refund after heirs to the Estate informed him the original and amended returns were wrong (Id.). Defendants contend Plaintiff has not been able to proffer any evidence that it made any informal claim request

before November 2004, and it is not entitled to an inference for any missing documents because it has not met its burden in demonstrating it had submitted any prior informal document with the IRS (Id.). Finally, the IRS argues that should the Court find Plaintiff prevails on the question of its having formalized an informal claim, the IRS is not bound by its previous acceptance of the merits and substance of the refund claim when it issued the partial payment of $56,802.00 (Id.).

The Estate replies that Defendant's implication that the Estate took a new position that charities were not to be charged taxes after it received a letter from certain heirs in November 2004 is completely unsupported by the record (doc. 24). The Estate contends Blomer's testimony is clear and unrebutted that he consistently advised the accountants who prepared the returns, and IRS accountants, that the charities were not to be charged taxes (Id.). Blomer further indicated that his understanding when he received the closing tax letter from the IRS was that the IRS "had incorporated what I had told them about the Will, and the non-taxability if you will, for the charities" (Id.). As soon as he was alerted that the IRS failed to follow the Will and his instructions, Blomer testified the Estate filed its formal request for a refund (Id.). Finally, the Estate argues the IRS should be estopped from arguing the interpretation of the Will, as it already accepted the merits and substance of the Estate's claim when it

-8-

stated it accepted the merits and substance of the refund claim (Id.).

Having reviewed this matter, the Court finds no genuine dispute as to the material fact that the Estate made its intentions clear to the IRS from the very beginning, with the submission of the Will, and with Blomer's repeated assertions concerning the non-taxability of the charitable bequests. "[A] notice fairly advising the Commissioner of the nature of the taxpayer's claim, which the Commissioner could reject because too general or because it does not comply with formal requirements of the statute and regulations, will nevertheless be treated as a claim, where formal defects and lack of specificity have been remedied by the amendment after the lapse of the statutory period" U.S. v. Kales, 314 U.S. at 194 (1941). An informal claim exists where the facts and circumstances demonstrate the IRS was on notice the taxpayer was asserting a right with respect to an overpayment of tax. Estate of Hale v. U.S., 876 F.2d 1258, 1262 (6th Cir. 1989). Here the IRS had sufficient information to make a reasonable investigation and evaluation of the Estate's claim based on the submission of the Will and Blomer's notations on the Original Return relating to the taxes on charitable bequests. Id. at 1262. Blomer's May 21, 2003 letter, which he mailed during the limitations period, clearly referred to charitable bequest taxes and requested a refund. Although the accountants hired by the Estate improperly prepared

the returns, the IRS had the Will in its possession, was instructed by the Estate of the proper interpretation of the Will and calculation of the taxes, received the Estate's request for a refund, and conducted an extensive audit. Under these facts and circumstances there is no doubt the IRS was on notice the Estate asserted a right with respect to an overpayment of tax. Taken together, Blomer's oral and written communications constitute a valid informal claim for a refund. Estate of Tinari v. U.S., No. 97-1974, 1998 U.S. Dist. LEXIS 14945 (E.D. Pa. Sept. 15, 1998).

The Court further finds troubling the fact that Defendant purged its file after the Estate gave it notice of the refund claim, and concludes a negative inference is warranted against the IRS for spoliation. Brokamp v. Mercy Hosp. Anderson, 132 Ohio App. 3d 850, 726 N.E. 2d 594 (Ohio App. 1st Dist. 1999)(a "negative, or adverse inference arises where a party who has control of the evidence fails, without satisfactory explanation, to provide the evidence."). The IRS should not benefit from the spoliation of its file during the administrative appeal, and it has provided no satisfactory explanation for its action. Clearly, when considering the IRS audited and internally reviewed the Estate for over two years, and when considering Blomer's conversations with IRS employees, the administrative file very likely contained additional documentation supporting the Estate's informal claim.

Finally, the Court concludes the IRS should be estopped

from arguing at this point in the proceeding that the Will could somehow be interpreted so as not to require a refund.  Clearly, the IRS already accepted the merits of Plaintiff's position, and there is no valid basis for it to change its position at this late point in the proceedings.  Moreover, the language of the Will is unambiguous in its statement that "the specific bequests and charitable bequests set forth in the Last Will and Testament shall not be charged with the payment of any death, inheritance, or succession taxes."  The government's position that the Will could be interpreted so as not to require a refund strikes the Court as disingenuous.

For all of these reasons, the Court finds the Estate's Motion for Summary Judgment well-taken.  Consequently, the Court need not reach the government's Motion to Dismiss Plaintiff's Complaint (doc. 19), which is rendered moot by the entry of judgment in favor of Plaintiff.

**IV. Conclusion**

The Court finds it undisputed that Plaintiff made an informal claim prior to the expiration of the statute of limitations in 26 U.S.C. § 6511, through the written and oral communications of Philip Blomer.  The Estate is further entitled to an inference in its favor due to the IRS's improper purging of its file during the pendency of the Estate's administrative appeal. Finally, the Court finds that the Estate perfected a formal claim

for the refund of overpaid estate tax, when on December 9, 2004, it filed its Form 843 Claim for Refund and Request for Abatement. Because the Estate properly perfected a formal claim, it is entitled to judgment as a matter of law.

Accordingly, the Court GRANTS Plaintiff's Motion for Summary Judgment (doc. 18), DENIES Defendant's Motion to Dismiss as moot (doc. 19), and ORDERS Defendant to refund the Estate overpaid federal estate taxes amounting to $429,542.00 plus interest.

SO ORDERED.

Dated: November 10, 2008     /s/ S. Arthur Spiegel
                             S. Arthur Spiegel
                             United States Senior District Judge